[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the Commissioner of the Connecticut Department CT Page 15354 of Environmental Protection (DEP), moves to dismiss this action for declaratory judgment filed by the town of Canterbury based on an absence of subject matter jurisdiction.
On July 26, 1999, the town commenced this suit seeking to have a regulation promulgated by the DEP declared unconstitutional under both the federal and state constitutions. The agency asserts that the municipality failed to exhaust administrative remedies and lacks standing to adjudicate the unconstitutionality of a state regulation. Because the court agrees that the municipality lacks standing to address the constitutionality of a state regulation, it proceeds to that issue directly.
With a few exceptions inapplicable to the case before the court, a municipality, as a creation of the state, lacks standing to attack the statutes enacted by its creator, ConnecticutAssociation of Boards of Education v. Shedd, 197 Conn. 554,558-59 (1985). This case poses the question of whether this impediment to challenging constitutionality extends to state regulations as well as statutes. Neither party cites any Connecticut case law bearing on this precise issue, and the court's own research discloses none.
A state regulation has the force of statute as long as it was adopted in accordance with enabling legislation, Savage v.Aronson, 214 Conn. 256, 267 (1990). Also, a state agency cannot be faulted for obeying such enabling legislation, Phelps DodgeCopper Products Co. v. Groppo, 204 Conn. 122, 128 (1987). Here, the town makes no claim that such enabling legislation is nonexistent or was exceeded by the promulgation of the regulation in question. The town's complaint is confined to an assault on the constitutionality of the regulation.
General Statutes § 4-170 requires that all state regulations be reviewed and ratified by the legislature, through the standing legislative review committee, before taking effect. This imprimatur would seem to support the agency's position that an attack upon the constitutionality of a state regulation by a municipality is an attack by the governmental subordinate upon its superior. The court fails to discern why a legislatively approved regulation is less deserving of protection from such attack by a town.
To bolster its argument, the town cites a Wisconsin case, CT Page 15355Brown County v. Department of Health and Social Services,103 Wis.2d 37; 307 N.W.2d 247 (1981). That case, however, is distinguishable from the present matter. Unlike our circumstance, the county in that case never claimed that the agency regulation was unconstitutional. Instead, the county argued that the agency had contravened its enabling legislation. The Wisconsin court held that the county was supporting rather than attacking state law and, therefore, had standing to make that argument, Id., 44. In dictum, the Wisconsin court noted that the county would have lacked standing to challenge an agency regulation "wholly within the scope of its delegated authority," Id. As note above, that is precisely the circumstance in the present case where the town does not assail the agency's authority to issue the regulation but rather the regulation's constitutionality.
For these reasons, the court concludes that the town lacks standing to challenge the constitutionality of the state regulation, and therefore, the court lacks subject matter jurisdiction to decide that issue.
Sferrazza, J.